52 N.J. Super. 519 (1958)
145 A.2d 665
IN THE MATTER OF GEORGE WASHINGTON MEMORIAL PARK CEMETERY ASSOCIATION.
Superior Court of New Jersey, Chancery Division.
Decided October 31, 1958.
Mr. James A. Major, attorney for plaintiff.
Mr. David D. Furman, Attorney General of New Jersey (Mr. David Landau, Deputy Attorney General, appearing).
*520 GRIMSHAW, J.S.C.
The plaintiff herein seeks a judgment determining the legality of a covenant in the deeds executed by the Cemetery Company which restricts the burial privileges to persons of the white or Caucasian race. A stipulation of the facts bearing upon the situation has been executed. It is as follows:
"It is hereby stipulated and agreed by and between the attorney of the plaintiff corporation and the Attorney General of the State of New Jersey that the following facts are to be considered as true for the purpose of the judgment of this court:
1. The George Washington Memorial Park Cemetery Association is incorporated as a non-profit corporation in the State of New Jersey for the purpose of operating a cemetery.
2. It is presently operating and for a number of years has operated a memorial park type cemetery located in the Borough of Paramus, County of Bergen and State of New Jersey.
3. It has conveyed by deed a large number of cemetery lots to the public, which deeds contain a grant of a right of Sepulture.
4. In the year 1939 the trustees of the plaintiff corporation adopted a By-Law which provides that no bodies except those of persons of the white or caucasian race should be buried in the cemetery. All deeds issued by the plaintiff corporation provided that the grantee agreed to abide by all cemetery by-laws and ordinances, conditions, and the like, and included in all deeds was a provision reading as follows:
`No bodies, except those of persons of the white or caucasian race, shall be interred in said property or portion thereof.'
5. Since the cemetery commenced operation, it has adhered to the restrictive by-law and deed provision referred to above.
6. Only persons holding deeds to cemetery lots, plots or graves, or members of the families or transferees of such deeds approved by the cemetery, can be interred in the cemetery.
7. A complaint arising out of the cemetery's enforcement of the restrictive provisions mentioned above was in fact made to the State Division Against Discrimination, and by it referred to the office of the Bergen County Prosecutor as a possible violation of R.S. 10:1-9.
8. Notice of the pendency of this proceeding was sent, between January 31, 1958 and February 7, 1958, to approximately 10,000 lot owners of the cemetery, as shown by affidavit on file with this court."
I have had the benefit of able and comprehensive briefs from the Attorney General and the counsel for the plaintiff, in which three questions were raised and discussed:
*521 1. Can the cemetery lawfully refuse burial to non-whites if a lot owner insists on such burial?
2. Can the cemetery lawfully restrict the sale of lots to those of the Caucasian race?
3. Is the provision in the deed and by-laws restricting burial to persons of the white or Caucasian race violative of our public policy?
The answer to the questions raised is to be found in R.S. 10:1-9, which reads as follows:
"No cemetery corporation, association or company, organized under any law of this state, owning or having control of any cemetery or place for the burial of the dead, shall refuse to permit the burial of any deceased person therein because of the color of such deceased person, and any cemetery corporation, association or company offending against this section shall be guilty of a misdemeanor."
In view of the provisions of the statute just quoted, it is clear that the restrictive covenant here under consideration is against the public policy of this State, and hence is unenforceable and void. The answer to the first two questions is, "No," and to the third question the answer is, "Yes."
My attention has been called to N.J.S.A. 8:3-1, which apparently authorizes religious societies incorporated under the laws of this State to establish cemeteries in which burials may be restricted to persons of a certain faith or color. This statute was passed more recently than R.S. 10:1-9. Whether N.J.S.A. 8:3-1 is a valid exercise of the legislative power need not concern us, since, by its terms, it has no application to the plaintiff herein.